CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| ANTONIETA PELAEZ, on behalf of herself and others similarly situated, | Case No. 20 CV 9517 |
| Plaintiff, | FLSA COLLECTIVE ACTION COMPLAINT |
| -against- | |
| JCJ BAKERY CORP. d/b/a NICOSIA'S BAKERY, LA NICOSIA BAKERY CORP. d/b/a LA NICOSIA BAKERY, NICOSIA BAKERY DISTRIBUTORS CORP., CHARLES NICOSIA, JOSEPH NICOSIA, and JOSELLE NICOSIA, | **Jury Trial Demanded** |
| Defendants. | |

------------------------------------------------------------------X

Plaintiff, ANTONIETA PELAEZ ("Plaintiff"), on behalf of herself and other

similarly situated employees, by and through her undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants JCJ BAKERY CORP. d/b/a

NICOSIA'S BAKERY ("JCJ BAKERY"), LA NICOSIA BAKERY CORP. d/b/a LA

NICOSIA BAKERY ("LA NICOSIA BAKERY"), NICOSIA BAKERY

DISTRIBUTORS CORP. ("NICOSIA DISTRIBUTORS") (collectively, the Corporate

Defendants"), CHARLES NICOSIA, JOSEPH NICOSIA, and JOSELLE NICOSIA

(collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.    Plaintiff is a resident of Bronx County, New York.

6.      Defendant, JCJ BAKERY, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 781 Burke Avenue, Bronx, New York 10467.

7.      Since 1925, JCJ BAKERY owns and operates a wholesale bakery located at 781 Burke Avenue, Bronx, New York doing business as Nicosia's Bakery ("Nicosia's Bakery").

8.      Nicosia's Bakery makes and distributes various types of bread products to numerous enterprises throughout the New York metropolitan area, including, but not limited to restaurants, supermarkets, and hotels.

9.      In or about July 2019, Nicosia's Bakery merged operations with another Bronx-based bakery known as La Prima Bakery.  Since that time Nicosia's Bakery has been operating its business from La Prima Bakery's former location at 765 E. 182nd Street, Bronx, New York 10460 under the moniker "La Nicosia Bakery."

10.     In or about July 2019 and September 2019, Defendants formed  LA NICOSIA BAKERY and NICOSIA DISTRIBUTORS, respectively.

11.     Defendant, LA NICOSIA BAKERY, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 765 E. 182nd Street, Bronx, New York 10460.

12.     Defendant, NICOSIA DISTRIBUTORS, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 765 E. 182nd Street, Bronx, New York 10460.

3

13.     Defendants LA NICOSIA BAKERY and NICOSIA DISTRIBUTORS own and operate a wholesale bakery located at 765 E. 182nd Street, Bronx, New York doing business as La Nicosia Bakery ("La Nicosia Bakery").[1]

14.     The Individual Defendants are the officers, shareholders, owners, directors, supervisors, managing agents, and proprietors of each of the Corporate Defendants who actively participate in the day-to-day operation of the Bakeries and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

15.     The Individual Defendants exercise control over the terms and conditions of their employees' employment, in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

16.     At least within each of the three (3) most recent years relevant to the allegations herein, JCJ BAKERY was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

---

[1] Nicosia's Bakery and La Nicosia Bakery are collectively referred to herein as the "Bakeries."

17. Since its inception in or about July 2019, LA NICOSIA BAKERY was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

18. Since its inception in or about September 2019, NICOSIA DISTRIBUTORS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

19. In or about June 2015, Defendants hired Plaintiff to work at Nicosia's Bakery as a non-exempt bread packer.

20. In or about July 2019, Defendants transferred Plaintiff to work in the same capacity for La Nicosia Bakery.

21. Plaintiff worked for Defendants in that capacity until on or about September 19, 2020.

22. The work performed by Plaintiff was directly essential to the business operated by Defendants.

23. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

24.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

25.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

26.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

27.     The Individual Defendants actively participate in the day-to-day operation of the Bakeries. For instance, the Individual Defendants hiring and firing of employees, supervise and direct the work of the employees, and instruct the employees how to perform their jobs.

28.     The Individual Defendants also jointly create and implement all business policies and makes all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

29.     Since in or about July 2019, the Corporate Defendants were associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by Defendants.

30.     Since in or about July 2019, the Corporate Defendants each engaged in related activities, namely, providing wholesale sales of baked goods to the public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees,

6

acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and were under common control.

31.     Since in or about July 2019, the Corporate Defendants were controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provided mutually supportive services to the substantial advantage of the other such that each entity was operationally interdependent of each other and, therefore, may be treated as a single enterprise.

32.     In or about June 2015, Defendants hired Plaintiff to work as a non-exempt bread packer for Nicosia's Bakery.

33.     Neither at the time of hire, nor at any time thereafter did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

34.     In or about July 2019, Defendants transferred Plaintiff to work in the same capacity for La Nicosia Bakery.

35.     Plaintiff worked for Defendants in that capacity until on or about September 19, 2020.

36.     Plaintiff worked over forty (40) hours per week.

37.     Throughout her employment (regardless of location), Plaintiff worked six (6) days per week, and her work schedule consisted of ten (10) hours per day on Monday and Tuesday from 4:00 p.m. until 2:00 a.m.; eight and one-half (8½) hours per day on Wednesday, Friday, and Saturday from 4:00 p.m. until 12:30 a.m.; and nine (9) hours on Thursday from 4:00 p.m. until 1:00 a.m.

38.    Plaintiff's work shift would occasionally exceed ten (10) hours in a single day.

39.    Plaintiff punched a time clock at the start and end of each work shift, but only while working at Nicosia's Bakery.

40.    Plaintiff was afforded a thirty-minute break but only while working at Nicosia's Bakery.

41.    From the beginning of Plaintiff's employment in or about June 2015 and continuing through in or about December 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $60 per day ($360 per week) straight time for all hours worked, and worked fifty-one and one-half (51½) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42.    Beginning in or about January 2016 and continuing through in or about December 2016, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $65 per day ($390 per week) straight time for all hours worked, and worked fifty-one and one-half (51½) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.    Beginning in or about January 2017 and continuing through in or about December 2017, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $80 per day ($480 per week) straight time for all hours worked, and worked fifty-one and one-half (51½) hours

per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.     Beginning in or about January 2018 and continuing through in or about December 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $13 per hour straight time for all hours worked, and worked fifty-one and one-half (51½) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning in or about January 2019 and continuing through in or about June 2019, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $15 per hour straight time for all hours worked, and worked fifty-one and one-half (51½) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

46.     In or about July 2019, upon being transferred to work at La Nicosia Bakery, and continuing through the remainder of her employment on or about September 19, 2020, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $15 per hour straight time for all hours worked, and worked fifty-four and one-half (54½) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

47.     Plaintiff was paid by check up to forty (40) hours each week, with overtime hours paid in cash.

48.     Consequently, at no time during her employment was Plaintiff provided with a correct, proper, and accurate weekly wage statement upon receiving her wages.

49.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

50.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

51.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

52.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants between November 12, 2017 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and

one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

54.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

55.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

56.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

57.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

58.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a.   Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d.   Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

   e.   Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

59.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

60.  Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

61.  Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.  At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.  At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

64.  Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, JCJ BAKERY has had gross revenues in excess of $500,000.

13

65.     Upon information and belief, since its inception in July 2019, LA NICOSIA BAKERY has had gross revenues in excess of $500,000.

66.     Upon information and belief, since its inception in September 2019, NICOSIA DISTRIBUTORS has had gross revenues in excess of $500,000.

67.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

68.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

69.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

70.     Plaintiff and the Collective Action Members are entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

71.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

72.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

74.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

75.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

76.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

77.     Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

78.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

79.     Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "78" of this Complaint as if fully set forth herein.

80.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

81.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

82.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

83.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 142-2.4.

84.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff a "spread of hours" premium to for each day that her work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

85.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the New York Labor Law.

86.     Defendants failed to furnish Plaintiff with a proper and accurate statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

87.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

88.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

89.    Neither at the time of her hiring, nor at any time thereafter, did Defendants notify Plaintiff of her hourly rate of pay, corresponding overtime rate of pay, and her regularly designated payday, in contravention of New York Labor Law § 195(1).

90.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

91.    Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff ANTONIETA PELAEZ, on behalf of herself and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
      November 12, 2020

                        Respectfully submitted,

                        CILENTI & COOPER, PLLC
                        *Attorneys for Plaintiff*
                        10 Grand Central
                        155 East 44th Street – 6th Floor
                        New York, NY 10017
                        T. (212) 209-3933
                        F. (212) 209-7102

                        By: _____
                              Giustino (Justin) Cilenti (GC2321)

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Charles Nicosia, Joseph Nicosia, and Joselle Nicosia

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Antonieta Pelaez and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of JCJ Bakery Corp., La Nicosia Bakery Corp., and Nicosia Bakery Distributors Corp., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as her attorneys, to make this demand on her behalf.

Dated: New York, New York
       November 12, 2020

                                        CILENTI & COOPER, PLLC
                                        *Attorneys for Plaintiff*
                                        10 Grand Central
                                        155 East 44th Street – 6th Floor
                                        New York, New York 10017
                                        T. (212) 209-3933
                                        F. (212) 209-7102

                                        By: _____
                                            Justin Cilenti

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Antonieta Pelaez**, am an individual formerly employed by **Nicosia's Bakery**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
         September 24, 2020

X _____
**Antonieta Pelaez**